IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DOUGLAS R. OWNBY,
    Plaintiff,

vs.                                    Case No. 5:09cv10/RS/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This action was initiated under the Social Security Act to obtain judicial review of Defendant's final decision denying Plaintiff's claim for disability benefits (Doc. 1). Now before the court is Defendant's Motion to Remand pursuant to sentence four of Title 42 U.S.C. § 405(g) (Doc. 24). Defendant has certified that Plaintiff has no objection to this motion (*id.*).

Sentence four of section 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In the instant case, the Commissioner states that remand is appropriate to enable an Administrative Law Judge to:

> reassess Plaintiff's mental residual functional capacity (RFC) to account for his moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, and pace. In reassessing Plaintiff's RFC, the ALJ will be directed to specifically consider the Washington state board of Industrial Insurance Appeals' December 14, 2005 order.
>
> After reassessing Plaintiff's RFC, the ALJ will be directed to determine whether Plaintiff's nonexertional limitations significantly erode the occupational base of light work. If the ALJ finds that they do, the ALJ will be directed to obtain vocational expert testimony regarding Plaintiff's ability to perform other work in the economy.

(Doc. 24, Memorandum in Support at 1–2).

Based upon the foregoing, this court concludes that good cause has been shown for remand.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendant's Motion to Remand (Doc. 24) be **GRANTED** and the Commissioner's decision denying benefits be **REVERSED**.

2. That this case be **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3. That Defendant be ordered to conduct proceedings in accordance with this Report and Recommendation.

4. That the clerk be directed to enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure

5. That the clerk be directed to administratively close this file.

At Pensacola, Florida, this 28th day of October 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988)**.