IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DOUGLAS R. OWNBY,
    Plaintiff,

vs.                                    Case No.: 5:09cv10/RS/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the court upon Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. 29) and Defendant's responses thereto (Doc. 30, 31). Plaintiff's attorney (hereafter "Petitioner") seeks an award of fees in the amount of $5,307.57, which represents work performed on Plaintiff's behalf by Petitioner at a hourly rates of $171.13 and $172.88 (for work performed in 2008 and 2009), as well as work performed in 2009 by Petitioner's paralegal at an hourly rate of $65.00 (Doc. 29 at 3–4).[1] Petitioner also seeks filing fee costs in the amount of $350.00 (*id*. at 1, 5). Defendant has responded to Plaintiff's motion and notes that the parties have jointly agreed to a lesser award of EAJA fees, that is, an award in the amount of $5,107.57 (*see* Doc. 30 at 1; Doc. 31).[2] Moreover, Defendant does not object to an award of costs in the amount of $350.00 but notes that the costs (that is, the filing fee) are to be paid from the judgment fund administered by the Department of the Treasury (Doc. 30 at 1–2).

---

[1] The total EAJA fee claimed by Petitioner ($5,307.57) is broken down as follows: 1.7 attorney hours in 2008 at $172.88 per hour ($293.90), 23.6 attorney hours in 2009 at $171.13 per hour ($4,038.67), and 15.0 paralegal hours in 2009 at $65.00 ($975.00) (*see* Doc. 29 at 5).

[2] Defendant has not explained the basis for the parties' agreeing to an EAJA fee that is $200.00 less than the amount initially claimed by Plaintiff (*see* Docs. 30, 31). Defendant, however, has not stated an objection to the hourly rates claimed by Petitioner and her paralegal. The court will therefore assume that Defendant has no objection to those rates and that the reduced, agreed-upon, EAJA fee was based upon some other factor (e.g., less hours expended by Petitioner or her paralegal on Plaintiff's behalf).

The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* Docs. 26, 27). The application for fees was timely filed, and the Commissioner's position was not substantially justified. Additionally, Defendant does not disagree that fees and expenses should be paid in this case. Accordingly, expenses and EAJA fees should be awarded.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Here, Petitioner seeks compensation at rates of $171.13 and $172.88 per hour, for work performed in 2008 and 2009, in representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court. Defendant has represented to the court that he does not contest an award of attorney fees in the agreed-upon amount, and he has stated no objection to the hourly rates claimed by Petitioner. This court concludes that amounts greater that $125.00 per hour are reasonable, as has been found in numerous recent cases, *see, e.g.,* Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Singleton v. Barnhart, Case No. 1:05cv82/MMP/EMT (N.D. Fla. 2006) (finding compensation at rates of $155.59 and $161.33 per hour reasonable for work performed in 2005 and 2006), and further, that the time expended by Petitioner is reasonable. Thus, attorney fees totaling $5,107.57 should be awarded, based upon the hourly rates claimed by Petitioner, as well as costs in the amount of $350.00.

Case No.: 5:09cv10/RS/EMT

The remaining question concerns to whom the award shall be payable. In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 724, 172 L. Ed. 2d 730 (2008), the court clarified that an EAJA award, such as the award in the instant case, shall be awarded to the "prevailing party," not to the prevailing party's attorney.[3] Although Reeves did not address the payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, the undersigned follows the common practice of other courts in this district and circuit by recommending payment to counsel when an assignment of benefits has been included with counsel's petition. *See, e.g.*, Turner v. Astrue, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for Plaintiff where valid EAJA assignment had been made); Baker v. Astrue, 2009 WL 2423530, at *1 (M.D. FL August 2, 2009) (same). In the instant case, Petitioner attached to the motion for EAJA fees an Assignment of EAJA Fee, in which Plaintiff has assigned his interest in any EAJA award to Petitioner (*see* Doc. 29, Attach). Moreover, based upon Plaintiff's assignment, Defendant does not object to an award payable to Petitioner (*see* Doc. 30 at 2).[4]

Accordingly, it respectfully **RECOMMENDED** that Plaintiff's Motion For Attorney Fees and Costs (Doc. 29) be **GRANTED** as follows:

>Plaintiff's counsel, Heather Freeman, is entitled to recover fees in the amount of $5,107.57 for representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees and hourly rates requested under the EAJA are reasonable; and the Commissioner is directed to pay counsel that amount. Filing fee costs in the amount of $350.00 are also awarded, to be paid from the Judgment Fund of the United States Treasury.

At Pensacola, Florida, this 13th day of January 2010.

>*/s/ Elizabeth M. Timothy*
>**ELIZABETH M. TIMOTHY**
>**UNITED STATES MAGISTRATE JUDGE**

---

[3] The undersigned notes that this issue is currently pending before the Supreme Court. *See* Ratliff v. Astrue, 540 F.3d 800 (8th Cir. 2008) (concluding that EAJA fees are properly awarded to the party's attorney and noting conflict among Circuits), *reh'g denied* (Dec. 5, 2008), *petition for cert. granted,* 130 S. Ct. 48, 174 L. Ed. 2d 631 (Sept. 30, 2009).

[4] Defendant notes, however, that Plaintiff's assignment will not prevent the United States Department of Treasury from applying the EAJA payment to offset a debt owed by Plaintiff in accordance with 31 C.F.R. § 285.5(e)(6)(ii) (Doc. 30 at 2).

Case No.: 5:09cv10/RS/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).